Anaid LITMANOVICH; Mark Litmanovich; Isabella Litmanovich; Michael Litmanovich, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74247.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2004.*

Decided April 6, 2004.

---

Fed. R.App. P. 34(a)(2).

Anaid Litmanovich, Glendale, CA, pro se.

Alexander Morales, Glendale, CA, for Petitioner.

Mark Litmanovich, Glendale, CA, pro se.

Isabella Litmanovich, Glendale, CA, pro se.

Michael Litmanovich, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William C. Minick, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

The Litmanovich family, natives of Russia and Uzbekistan and citizens of Israel, petition for review of the denial of their applications for asylum and withholding of deportation. Exercising our jurisdiction under § 242(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(1), we deny the petition.

"Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina–Estrada v. INS.*, 293 F.3d 1089, 1093 (9th Cir.2002). We review the decision of the BIA under the substantial evidence standard. *Baballah v. Ashcroft*, 335 F.3d 981, 987 (9th Cir.2003). The decision "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (quotation marks omitted).

■ First, with regard to Petitioners' asylum claims, the record does not compel us to disagree with the BIA's decision. *See Halaim v. INS,* 358 F.3d 1128, 1132 (9th Cir.2004). In *Halaim,* we were not compelled to find past persecution where the petitioners were subjected to derogatory comments and police harassment based on their status as Pentecostal Christians in the Ukraine. *Id.* The instant case is closely analogous, and we reach the same result. Here, as in *Halaim,* the determination that "Petitioners did not suffer past persecution (as distinct from discrimination) is supported by substantial evidence." *Id. See also Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (holding that isolated physical violence and unfulfilled threats perpetrated by Serbian citizens against an ethnic Albanian in Kosovo constituted harassment not persecution). Because Petitioners did not establish that they suffered past persecution at all, they did not establish the sort of "atrocious" persecution required to make them eligible for a discretionary grant of asylum on humanitarian grounds. *Kazlauskas v. INS,* 46 F.3d 902, 906 (9th Cir.1995).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Second, the BIA correctly rejected Isabella Litmanovich's claim based on her wish to avoid induction into the Israeli army. Punishment for refusal to serve in the military does not constitute persecution for asylum purposes. *Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992). Although conscientious objection to military service is a cognizable basis for relief where an alien would be required to engage in inhuman conduct were she to serve in the military, *see Ramos–Vasquez v. INS,* 57 F.3d 857, 863 (9th Cir.1995), the record here does not suggest–much less compel a finding–that Isabella Litmanovich falls under this category. In any event, we lack jurisdiction to consider this argument because it was not presented to the BIA. *Ochave v. INS,* 254 F.3d 859, 867 n. 3 (9th Cir.2001).

Third, because Petitioners fail to meet the standard for asylum, they necessarily fail to meet the more stringent standard for withholding of deportation. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, because they were not raised below, we lack jurisdiction to consider Petitioners' claims that they cannot be removed to the former Soviet Union and that their case should be remanded to allow them to apply for protection under the Convention Against Torture. *Ochave,* 254 F.3d at 867 n. 3.

PETITION FOR REVIEW DENIED.